1   MICHAEL W. VIVOLI  (Bar No. 184366)
    JASON P. SACCUZZO (Bar No. 221837)
2   VIVOLI SACCUZZO, LLP
    2550 Fifth Avenue, Suite 709
3   San Diego, California 92103
    (619) 744-9992 (Tel)
4   (619) 744-9994 (Fax)

5   Attorneys for Creditors,
    EMIL YOUSSEFZADEH and PAULINE YOUSSEFZADEH
6

```
                              FILED

                            APR 1 2 2013

                    CLERK U.S. BANKRUPTCY COURT
                    CENTRAL DISTRICT OF CALIFORNIA
                    BY:
                                        Deputy Clerk
```

7

8                   UNITED STATES BANKRUPTCY COURT

9             IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  In Re                          )   CASE NO.:  2:13-bk-11265-ER
                                   )
11                                 )
                                   )   Chapter 7
12  TONY "AZIZ" ASHAI,             )
                                   )   **COMPLAINT OBJECTING TO**
13                      Debtor.    )   **DISCHARGEABILITY OF DEBT AND**
                                   )   **DISCHARGE OF BANKRUPTCY**
14  _____)
                                   )
15  EMIL YOUSSEFZADEH, an individual, and )   [Bankruptcy Code §§ 523 and 727]
    PAULINE YOUSSEFZADEH, an individual,  )
16                                 )
                                   )
17              Plaintiffs,        )
                                   )
18  v.                             )
                                   )
19  TONY "AZIZ" ASHAI,             )
                                   )
20                                 )
                Defendant.         )
21  _____)

22      Plaintiffs EMIL YOUSSEFZADEH and PAULINE YOUSSEFZADEH ("Plaintiffs")

23  allege and state for their Complaint Objecting to the Dischargeability of Debt pursuant to 11

24  U.S.C. § 523 and Discharge of Bankruptcy pursuant to 11 U.S.C. § 727 as follows:

25                      <u>**JURISDICTION AND VENUE**</u>

26      1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

27  §§ 151, 157 and 1334, and pursuant to 11 U.S.C. § 523 and 727. This adversary proceeding is a

28  core proceeding as that term is defined in 28 U.S.C. §157 including, without limitation, 28

---

1  U.S.C. §157(b)(2)(I) and this Court may enter a final judgment herein subject to review under 28

2  U.S.C. §158.  This matter is properly brought as an adversary proceeding pursuant to the Federal

3  Rules of Bankruptcy Procedure, Rule 7001.  In this adversary proceeding, Plaintiffs consent to

4  the entry of final orders and judgments by the Bankruptcy Judge.

5      2.      On January 1, 2013, TONY ASHAI, also known as TONY AZIZ, filed a

6  Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code in the United

7  States Bankruptcy Court for the Central District of California, Case No. 2:13-bk-11265-ER

8  (hereinafter the "Bankruptcy Action").

9      3.      Venue in this Court is proper pursuant to 28 U.S.C. §1409 as this adversary

10 proceeding arises under and in connection with a case under the Bankruptcy Code which is

11 pending in this District. The above Court is the proper court for trial in this action.

12     4.      Plaintiffs are informed and believe and on that basis alleges that April 12, 2013

13 was fixed by the Court as the last date for filing of complaints as provided in 11 U.S.C. § 523(c),

14 to determine the dischargeability of debts claimed to be nondischargeable, and to the right to a

15 bankruptcy discharge under 11 U.S.C. § 727.

16                              **PARTIES**

17     5.      Plaintiff EMIL YOUSSEFZADEH is an individual domiciled within the County

18 of Los Angeles in the State of California.

19     6.      Plaintiff PAULINE YOUSSEFZADEH is an individual domiciled within the

20 County of Los Angeles in the State of California.

21     7.      Plaintiffs are informed and believe and on that basis allege that at all times

22 relevant to this action, Defendant TONY ASHAI, also known as TONY AZIZ (hereinafter

23 "Ashai"), was and is an individual residing in the County of Los Angeles of the State of

24 California and doing business in the State of California and overseas as a licensed architect.

25 Plaintiffs are further informed and believe and on that basis allege that at all times relevant to

26 this action Defendant Ashai was the sole shareholder and President of Ashai Design Corporation

27 and the Ashai Group, and that Defendant Ashai does business or is attempting to do business

28 under the foregoing corporations or individually.

2

COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT AND DISCHARGE OF
BANKRUPTCY

**GENERAL ALLEGATIONS**

8.     Plaintiffs are informed and believe and on that basis allege that Ashai is a licensed architect and has done business as an architect for over 25 years.  Ashai states on various websites his numerous accomplishments as an architect, and that his designs are known around the world.  Defendant Ashai also credits himself as a real estate syndicator and claims to have developed many successful projects.

9.     Based upon Ashai's stated experience as an architect and real estate syndicator, Ashai induced Plaintiffs to invest the sum of approximately $2,513,692 with him for purposes of purchasing, joint venturing, developing and/or selling for mutual profit various real properties or real property projects.  Among the real properties or real property projects in which Plaintiffs invested with Defendants were the following, will be collectively referred to herein as the "Investment Properties":

1.)    Lots located at 319 and 327 North Harbor Boulevard, San Pedro, California 90731 (the "319/327 N. Harbor Blvd. Property");

2.)    Real property commonly described as 374 West 8th Street (San Pedro Area), Los Angeles, CA 90731 (the "8th Street Property");

3.)    Real property commonly described as 420-424 West 9th Street (San Pedro Area), Los Angeles, CA 90731 (the "9th Street Property"); and,

4.)    Real property commonly known as 407 North Harbor Boulevard, San Pedro, California 90731 (the "407 N. Harbor Blvd. Property").

10.    Ashai represented that Plaintiffs' investment would be "low risk" because of the nature of the projects and because Plaintiffs' money would be secured against the real property of the projects.  Contrary to Ashai's representations the projects had undisclosed financial difficulties.  Although Ashai represented that the undisclosed financial difficulties were only temporary, Plaintiffs demanded the return of their investment money.  After Ashai failed and refused to return Plaintiffs' money, Plaintiffs advised they intended to sue Ashai for the return of their money and for fraud.  In order to avoid imminent litigation, Ashai agreed to pay Plaintiffs the sum of $2,000,000, and to assume certain obligations in exchange for Plaintiffs' agreement to

COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT AND DISCHARGE OF
BANKRUPTCY

1  relinquish their right to full return of their investment money. Ashai further represented that the

2  projects were viable and he offered to secure $1,800,000 of the liquidated payment owed to

3  Plaintiffs against the foregoing projects and by his personal residence located at 1584 Via Zurita,

4  Palos Verdes Peninsula, CA 90074. In addition to stating that Plaintiffs would be assured

5  payment as secured by the foregoing projects and Ashai's personal residence, Ashai advised

6  Plaintiffs that he was working on a lucrative project in Dubai called the "Ashai Tower 5" project,

7  and upon the completion of the "Ashai Tower 5" project Plaintiffs would be paid in full.

8      11.    However, contrary to Ashai's representations the foregoing projects were not

9  viable, and at the time of the representations the "Ashai Tower 5" project was actually on the

10  verge of collapse. Unknown to Plaintiffs, Ashai was borrowing heavily at the time from friends

11  and family members to make it appear that progress was being made on the projects. Also

12  unknown to Plaintiffs, Ashai lacked the funds to pay the agreed upon $2,000,000, and he had no

13  intention of doing so. Plaintiffs are informed and believe, and on that basis allege, that Ashai

14  made the foregoing representations simply in an effort to avoid an imminent lawsuit for fraud so

15  as to buy time to conceal his assets.

16      12.    After Ashai failed to honor his agreement to pay Plaintiffs $2,000,000, and after it

17  became apparent Ashai intended to allow all of his projects to go into default, Plaintiffs filed a

18  civil action against Ashai in the Superior Court of the State of California for Los Angeles

19  County, entitled Emil Youssefzadeh et al. v. Tony Ashai, Case No. YC065553 (hereinafter the

20  "State Court Case"). Ashai failed to defend the State Court Case, and just prior to his filing of

21  the Bankruptcy Action, Plaintiffs had an application for entry of a default judgment pending

22  before the State Court Case.

23                              **FIRST CLAIM FOR RELIEF**

24          **(Nondischargeability Of Debt Pursuant To 11 U.S.C. Section 523)**

25      13.    Plaintiffs repeat and reallege each, every and all allegations set forth in

26  paragraphs 1 through 12, inclusive, of this Complaint and by this reference incorporates the same

27  herein as though more fully set forth at length.

28  ////

14.    Plaintiffs allege the money, property and/or extension of credit obtained by Ashai from Plaintiffs is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A) as the money, property and/or extension of credit were obtained by Ashai were by false pretenses, a false representation and/or actual fraud other than a statement respecting Ashai's true financial condition.

15.    At all relevant times Ashai represented to Plaintiffs that the above referenced projects were viable and that the proceeds from the projects would be more than enough to satisfy Plaintiffs' claims.    However, contrary to these representations Ashai knew that the projects were not viable and Ashai was borrowing heavily to make it appear as if the projects were viable only to defraud Plaintiffs and Ashai's other creditors.    Ashai made the foregoing representations in order to induce Plaintiffs to compromise their claims and to dissuade Plaintiffs from filing suit in state court for fraud, which would have robbed Ashai of valuable time to hide his assets.  Plaintiffs relied upon Ashai's representations, and Plaintiffs would have not agreed to compromise their claims against Ashai had they known the true financial condition of the projects and the fact Ashai had no intention of honoring his obligations.

16.    Plaintiffs sustained damages as a proximate result of the false pretenses, false representations and/or actual fraud of Ashai.  Ashai failed and refused to pay any part of the $2,000,000.  Ashai has acknowledged that no part of the $2,000,000 owed to Plaintiffs has been paid, and this money is owed to Plaintiffs.  Ashai claims he lack the funds to pay the $2,000,000 owed to Plaintiffs, although Ashai continues to drive fancy cars and he resides with his family in a multimillion dollar residence in Palos Verdes. Also, contrary to Ashai's representations in his bankruptcy petition, Ashai failed to disclose various sources of income and it is believed Ashai has transferred substantial assets overseas to put them out of the reach of his creditors.

## SECOND CLAIM FOR RELIEF

### (Denial of Discharge Under Bankruptcy Code § 727)

17.    Plaintiffs repeat and reallege each, every and all allegations set forth in paragraphs 1 through 16, inclusive, of this Complaint and by this reference incorporates the same herein as though more fully set forth at length.

18.   Plaintiffs are informed and believe and thereon alleges that Ashai, as debtor in the case, violated Bankruptcy Code § 727(a)(4)(A), knowingly and fraudulently, in or in connection with the case, by making a false oath, including, without limitation, his scheduling of his assets.

19.   Plaintiffs are also informed and believe and thereon alleges that Ashai, as debtor in the case, violated Bankruptcy Code § 727(a)(4)(C), knowingly and fraudulently, in or in connection with the case, by entering into the settlement agreement with Plaintiffs without any intent of performing his obligations under the settlement agreement.

20.   Plaintiffs further object to Ashai's request for discharge in bankruptcy on the grounds that Ashai has failed to explain, satisfactorily, the loss of his assets in violation of Bankruptcy Code § 727(a)(4)(D).

21.   Additionally, in violation of Bankruptcy Code § 727(a)(3) Ashai has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Ashai's true financial condition or business transactions might be ascertained.  In this regard, Ashai failed to produce documents requested at his 2004 Examination so as to support his claim of poverty.

22.   By reason of the foregoing violations of Bankruptcy Code § 727(a), Ashai should be denied a discharge in the Case.

WHEREFORE, Plaintiff prays for judgment as follows:

(1)   For an order denying Defendant the discharge of his debts to Plaintiffs;

(2)   For an order denying the general discharge of Defendant;

(3)   For damages in the exceeding the amount of $2,000,000;

(4)   For attorney's fees incurred herein;

(5)   For costs of suit incurred herein; and

(6)   For such other and further relief as the court deems proper.

Date: April 12, 2013

VIVOLI SACCUZZO, LLP

By: _____

MICHAEL W. VIVOLI
JASON P. SACCUZZO Attorney for
Creditors EMIL YOUSSEFZADEH and
PAULINE YOUSSEFZADEH

COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT AND DISCHARGE OF
BANKRUPTCY

FORM B104 (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) RECEIVED<br>APR 12 2013<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |
|---|---|

| PLAINTIFFS<br>EMIL YOUSSEFZADEH, an individual; and PAULINE<br>YOUSSEFZADEH, an individual | DEFENDANTS<br>Tony "Aziz" Ashai |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Michael W. Vivoli, Esq.        (619) 744-9992<br>Vivoli Saccuzzo, LLP<br>2550 Fifth Avenue, Suite 709, San Diego, CA 92101 | ATTORNEYS (If Known)<br>Sammy Zreik, Esq.        (888) 972-9477<br>Whitbeck, Kooshki & Zreik, LLP<br>21515 Hawthorne Blvd., Suite 980, Torrance, CA 90503 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Objection to Discharge of debt owed to Plaintiffs due to Defendant's Fraud (11 U.S.C. 523), and Objections to Discharge (11 USC 727)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
         (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐  Check if this case involves a substantive issue of state law | ☐  Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐  Check if a jury trial is demanded in complaint | Demand  $ 2,000,000.00 |

Other Relief Sought
Damages and denial of discharge

FORM B104 (08/07), page 2                                                   2007 USBC, Central District of California

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Tony "Aziz" Ashai | |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central | 2 - Los Angeles | Ernest Robles |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 4/12/13 | Michael W. Vivoli |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael W. Vivoli, Esq.   (SBN184366)<br>Jason P. Saccuzzo, Esq. (SBN221837)<br>Vivoli Saccuzzo, LLP<br>2550 Fifth Avenue, Suite 709<br>San Diego, CA 92103<br>Tel: (619) 744-9992<br>Fax: (619) 744-9994<br>email: mvivoli@vivolilaw.com<br>email: jsaccuzzo@vivolilaw.com<br><br><br>*Attorney for Plaintiff* | RECEIVED<br>APR 1 2 2013<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>TONY "AZIZ" ASHAI<br><br><br><br>                                          Debtor(s). | CASE NO.: 2:13-bk-11265-ER<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: |
|---|---|
| EMIL YOUSSEFZADEH, an individual, and PAULINE YOUSSEFZADEH, an individual,<br><br><br><br>                                  Plaintiff(s)<br>                   Versus<br>TONY "AZIZ" ASHAI<br><br><br><br>                                  Defendant(s) | **SUMMONS AND NOTICE OF<br>STATUS CONFERENCE IN ADVERSARY<br>PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | Place:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                          Page 1                          **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        Page 2                        **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 04/12/2013_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
US Bankruptcy Court, Central District, 255 E. Temple Street, Room 940, LA 90012

Tony Asahi, 1584 Via Zurita, Palos Verdes Estates, CA 90274
Brad D. Krasnoff, Bankruptcy Trustee, 221 N. Figueroa Street, Suite 1200, Los Angeles, CA 90012
Sammy Zreik, Esq. Whitbeck, Kooshki & Zreik, 21515 Hawthorne Blvd., Suite 1065, Torrance, CA 90503
☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 04/12/2013 | Susan S. Brown | |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                 Page 3                           **F 7004-1.SUMMONS.ADV.PROC**